CLARK, ADMINISTRATOR, v. WRIGHT.

1. The court has no right to require an administrator to pay the costs of an action *personally*, unless he has been guilty of mismanagement or bad faith *in that action.*
2. An administrator, under the advice of counsel, instituted an action for the benefit of the estate. The Circuit Court dismissed the complaint, and an appeal by the administrator from this decree was dismissed. Afterwards, another Circuit Judge, in turn presiding, directed this administrator to pay the costs of the action personally. *Held* error, there being no evidence of any mismanagement or bad faith.

Before FRASER, J., Chester, July, 1886.

This appeal involves the correctness of an order of the Circuit Judge directing W. A. Clark to pay personally the costs in the case of *Clark* v. *Wright*, 24 S. C., 526.

*Mr. J. S. Muller*, for appellant.

*Messrs. S. P. Hamilton* and *J. L. Glenn*, contra.

February 28, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an application for an order directing the plaintiff, W. A. Clark, to pay the costs of an action *personally*, "for mismanagement in said action," under the provisions of section 330 of the *Code of Procedure*. That section reads as·follows : "In an action prosecuted or defended by an executor, administrator, trustee of an express trust, or a person expressly authorized by statute, costs shall be recovered, as in an action by and against a person prosecuting or defending in his own right ; but such costs shall be chargeable only upon or collected of the estate, fund, or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally for mismanagement or bad faith in such action or defence." No evidence whatever was introduced tending to show the slightest "bad faith or mismanagement" in the action by the plaintiff. On the contrary, the affidavit of Mr. Pope, the leading attorney for the plaintiff in the action, was submitted in resistance to the

motion, showing conclusively that there was no bad faith or mismanagement on the part of the plaintiff, but that the action was instituted under his advice to the plaintiff "that he was in duty bound, as administrator, to file the complaint * * in exoneration of the estate of said C. D. Melton," and that throughout the plaintiff was guided by the advice of counsel. The Circuit Judge, however, in a short order, without giving any reasons, granted the motion. directing that the costs be paid by the plaintiff personally. From this order the plaintiff appeals upon the several grounds set out in the record, which need not be repeated here.

It seems to us that, under a proper construction of the terms of section 330 of the Code, the court has no power to direct that the costs of an action shall be paid by an administrator *personally*, until it has been made to appear that the administrator has been guilty of mismanagement or bad faith *in that action.* The fact that the administrator may have committed a *devastavit*, or been guilty of other maladministration in the management of the estate committed to his charge, cannot affect the question, as the statute simply authorizes the court to impose upon the administrator personally the costs of the action as a penalty for mismanagement or bad faith, either in instituting or prosecuting such action. Nor does this section cover a case in which an administrator, under cover of his representative character, prosecutes or defends an action really for his own benefit and not for the benefit of the estate of his intestate, for that would not necessarily involve mismanagement or bad faith in such action, and it is only such a case that the section of the code upon which this motion is based covers. If an administrator undertakes to litigate for his own interests under cover of his representative character, then the court in making its decree upon such litigation may, in its discretion, require the costs to be paid by the administrator personally, not for mismanagement or bad faith in the action, but for another reason altogether ; as in *Dupont* v. *Johnson, Bail. Eq.*, *279, or as in *Wham* v. *Love, Rice Ch.*, 5, he would not be allowed to charge the costs and expenses of such litigation against the estate of his intestate. But this is not a case in which this court is called upon to review the decree of the judge, as to costs, who heard the case, but is a motion addressed to another judge, under the pro-

visions of section 330 of the Code, and hence the cases just cited, as well as the cases of *Lewis* v. *Wilson,* 1 *McCord Ch.,* 210, and *McMillan* v. *Eldredge, Harp. Eq.,* 260, cited by respondent's counsel, do not apply.

Now, as we have seen that there was no evidence whatever of any mismanagement or bad faith on the part of the plaintiff either in instituting or prosecuting the action, we think the Circuit Judge was in error in granting the order imposing the costs of the action on the plaintiff personally. Indeed, it is stated in the argument of one of the counsel for appellant, that it was conceded in the court below that the plaintiff had not been guilty of bad faith, and although this is not expressly stated in the "Case," yet we suppose it is implied from the statement there made that the order was asked "for mismanagement in said action." And when we see from the affidavit submitted that the plaintiff acted throughout under the advice of counsel of the highest character and deservedly eminent in his profession, there seems to be not a shadow of evidence either of bad faith or mismanagement on the part of the plaintiff in the action.

The judgment of this court is, that the order of the Circuit Court be reversed.